1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ALFRED OSHUN NUNNERY,

11              Plaintiff,                    No.  2:11-cv-0874 KJN P

12         vs.

13   J. LUZADA, et al.,

14              Defendants.             ORDER

15   _____/

16         Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief

17   pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to

18   28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1)

19   and Local Rule 302.  Plaintiff consented to proceed before the undersigned for all purposes.  See

20   28 U.S.C. § 636(c).

21         Plaintiff has submitted a declaration that makes the showing required by

22   28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

24   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

25   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court

26   will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

1

1  trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

2  make monthly payments of twenty percent of the preceding month's income credited to

3  plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to

4  the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing

5  fee is paid in full.  28 U.S.C. § 1915(b)(2).

6          The court is required to screen complaints brought by prisoners seeking relief

7  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

8  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

10  granted, or that seek monetary relief from a defendant who is immune from such relief.

11  28 U.S.C. § 1915A(b)(1),(2).

12          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

15  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

19  2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably

20  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

21  1227.

22          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

23  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

24  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

25  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

26  (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

2

than "a formulaic recitation of the elements of a cause of action;" it must contain factual

allegations sufficient "to raise a right to relief above the speculative level."  Id.  While detailed

factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937,

1949 (2009) (citing Twombly, 550 U.S. at 555).  Plaintiff must set forth "sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting

Twombly, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual
> content that allows the court to draw the reasonable inference that
> the defendant is liable for the misconduct alleged. The plausibility
> standard is not akin to a "probability requirement," but it asks for
> more than a sheer possibility that a defendant has acted unlawfully.
> Where a complaint pleads facts that are merely consistent with a
> defendant's liability, it stops short of the line between possibility
> and plausibility of entitlement to relief.

Id. (citations and quotation marks omitted).  Although legal conclusions can provide the

framework of a complaint, they must be supported by factual allegations, and are not entitled to

the assumption of truth.  Id. at 1950.

　　　In his complaint plaintiff named the California Department of Corrections and

Rehabilitation ("CDCR") as one of the defendants.  The Eleventh Amendment serves as a

jurisdictional bar to suits brought by private parties against a state or state agency unless the state

or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v.

Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir.

1982).  "The Eleventh Amendment bars suits against the State or its agencies for all types of

relief, absent unequivocal consent by the state."  Romano v. Bible, 169 F.3d 1182, 1185 (9th

Cir.1999) (citing Pennhurst v. Halderman, 465 U.S. 89, 100 (1984)).  In the instant case, the

State of California has not consented to suit.  Accordingly, plaintiff's claims against the CDCR

are frivolous and must be dismissed.  Plaintiff should not renew his claim against the CDCR in

any amended complaint.

1    Plaintiff also alleges that on February 12, 2010, after plaintiff complied with

2 orders and was in handcuffs laying on the ground, defendant Luzada "sprayed [him] directly in

3 the eye." (Dkt. No. 1 at 3.)

4    The Eighth Amendment prohibits the infliction of "cruel and unusual

5 punishments." U.S. Const. amend. VIII. The "unnecessary and wanton infliction of pain"

6 constitutes cruel and unusual punishment prohibited by the United States Constitution. Whitley

7 v. Albers, 475 U.S. 312, 319 (1986). Neither accident nor negligence constitutes cruel and

8 unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith,

9 that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."

10 Whitley, 475 U.S. at 319.

11    What is needed to show unnecessary and wanton infliction of pain "varies

12 according to the nature of the alleged constitutional violation." Hudson v. McMillian, 503 U.S.

13 1, 5 (1992) (citing Whitley, 475 U.S. at 320). To prevail on an Eighth Amendment claim the

14 plaintiff must show that objectively he suffered a "sufficiently serious" deprivation. Farmer v.

15 Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). The plaintiff

16 must also show that subjectively each defendant had a culpable state of mind in allowing or

17 causing the plaintiff's deprivation to occur. Farmer, 511 U.S. at 834.

18    It is well established that "whenever prison officials stand accused of using

19 excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core

20 judicial inquiry is that set out in Whitley, i.e., whether force was applied in a good-faith effort to

21 maintain or restore discipline, or maliciously and sadistically to cause harm." McMillian, 503

22 U.S. at 6-7. A prisoner is not required to show a "significant injury" to establish that he suffered

23 a sufficiently serious constitutional deprivation. McMillian, 503 U.S. at 9-10.

24    Factors such as the need for the application of force, the relationship between the

25 need and amount of force that was used, and the extent of injury inflicted are relevant to the

26 ultimate determination as to whether force used by prison personnel was excessive. From these

4

factors, inferences may be drawn as to whether the use of force could plausibly have been

thought necessary, or instead evinced such wantonness with respect to the unjustified infliction

of harm as is tantamount to a knowing willingness that it occur.  "Equally relevant are such

factors as the extent of the threat to the safety of staff and inmates, as reasonably perceived by the

responsible officials on the basis of facts known to them, and any efforts made to temper the

severity of a forceful response."  Whitley, 475 U.S. at 321.

Plaintiff's complaint, as presently pled, does not state a cognizable excessive force

claim.  Plaintiff does not allege facts demonstrating defendant Luzada acted with a culpable state

of mind, or allege that the force used was excessive, and does not identify what defendant Luzada

sprayed in plaintiff's eye, although the court presumes plaintiff claims it was pepper spray.

Review of the attached exhibits reflects plaintiff may be able to state a cognizable excessive

force claim if the facts alleged in plaintiff's administrative grievance are true.  In his

administrative appeal, plaintiff stated that after plaintiff was handcuffed and lying on the ground,

defendant Luzada "became irate, and stated, 'You don't fight in my building.'  At this time

defendant Luzada purposefully, and maliciously sprayed plaintiff directly in the eyes."  (Dkt. No.

1 at 8.)  However, "[t]he Court will not comb through attached exhibits seeking to determine

whether a claim possibly could have been stated where the pleading itself does not state a claim."

Stewart v. Nevada, 2011 WL 588485 (D. Nev. Feb. 9, 2011);  see also Jacobsen v. Filler, 790

F.2d 1362, 1364-66 (9th Cir. 1986) (holding that the court must remain a "referee" in the

adversarial process, and cannot serve as legal counsel for a party, even if that party is a pro se

litigant).  Plaintiff must clearly set forth his factual allegations against defendant Luzada within

the complaint so that defendant has notice of plaintiff's claims against him.

The court finds the allegations in plaintiff's complaint so vague and conclusory

that it is unable to determine whether the current action is frivolous or fails to state a claim for

relief.  The court has determined that the complaint does not contain a short and plain statement

of the underlying facts as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a

5

1   flexible pleading policy, a complaint must give fair notice and state the elements of the claim

2   plainly and succinctly.  Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

3   Plaintiff must allege with at least some degree of particularity overt acts which defendants

4   engaged in that support plaintiffs claim.  Id.  Because plaintiff has failed to comply with the

5   requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will,

6   however, grant leave to file an amended complaint.

7          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

8   conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.

9   Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms

10  how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983

11  unless there is some affirmative link or connection between a defendant's actions and the

12  claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

13  588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

14  participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

15  268 (9th Cir. 1982).

16         In addition, plaintiff is hereby informed that the court cannot refer to a prior

17  pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

18  an amended complaint be complete in itself without reference to any prior pleading.  This

19  requirement exists because, as a general rule, an amended complaint supersedes the original

20  complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

21  complaint, the original pleading no longer serves any function in the case.  Therefore, in an

22  amended complaint, as in an original complaint, each claim and the involvement of each

23  defendant must be sufficiently alleged.

24         In accordance with the above, IT IS HEREBY ORDERED that:

25         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

26         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

        3.  Plaintiff's complaint is dismissed.

        4.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

        a.  The completed Notice of Amendment; and

        b.  An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

        5.  The Clerk of Court shall send plaintiff the form for filing a civil rights action under 42 U.S.C. § 1983.

DATED:  April 13, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

nunn0874.14

1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ALFRED OSHUN NUNNERY,

11            Plaintiff,                          No.  2:11-cv-0874 KJN P

12        vs.

13   J. LUZADA, et al.,                           NOTICE OF AMENDMENT

14            Defendants.

15   _____/

16            Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18            _____        Amended Complaint

19   DATED:

20

21                                              _____

22                                              Plaintiff

23

24

25

26