UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED OSHUN NUNNERY, | No. 2:11-cv-0874 KJN P |
| Plaintiff, | |
| v. | ORDER |
| J. LUZADAS, | |
| Defendant. | |

Plaintiff is a state prisoner who proceeds in forma pauperis and without counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983. On April 17, 2013, this court issued a Discovery and Scheduling Order, setting September 20, 2013 as the discovery deadline. (ECF No. 29.) Plaintiff has filed two discovery matters: (1) a "Request for Supeona Ducas Tecums to be Filed" (sic); and (2) a "Motion for Discovery and Request for Production of Documents." The court addresses each matter in turn.

Pursuant to his "Request," plaintiff states that he has "20 to 30 witnesses that I need to subpeona via the U.S. Marshall (sic)." (ECF No. 30 at 1; see id. at 2 (partial list of proposed witnesses).) Plaintiff asks that the court send him 30 subpoenas and related information so that plaintiff can provide the U.S. Marshal with the information necessary to personally serve each subpoena.

////

Pursuant to Federal Rule of Civil Procedure 45(a)(2), a subpoena duces tecum may direct a non-party to an action to produce documents or other tangible objects for inspection. Because plaintiff is proceeding in forma pauperis, he is entitled to obtain personal service of an authorized subpoena duces tecum by the United States Marshal. 28 U.S.C. § 1915(d). A subpoena must be personally served or it is null and void. Fed. R. Civ. P. 45(c); Gillam v. A. Shyman, Inc., 22 F.R.D. 475 (D. Alaska 1958).

However, this court must consider the following limitations before requiring the U.S. Marshal to personally serve a prisoner's proposed subpoena duces tecum. The contours of a subpoena duces tecum are limited by the relevance standards set forth in Federal Rule of Civil Procedure 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense"), and the considerations of burden and expense set forth in Federal Rules of Civil Procedure 26(b)(2) and 45(c)(1). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (requiring indigent plaintiff to demonstrate that he had "made provision for the costs of such discovery"), citing Cantaline v. Raymark Industries, Inc., 103 F.R.D. 447, 450 (S.D. Fla. 1984); see also United States v. Columbia Broadcasting System, Inc., 666 F.2d 364 (9th Cir. 1982) (court may award costs of compliance with subpoena to non-party). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. Badman, 139 F.R.D. at 605. In addition, this court generally requires that a motion for issuance of a subpoena duces tecum be supported by: (1) clear identification of the documents sought and from whom, and (2) a showing that the records are obtainable only through the identified third party. See, e.g., Davis v. Ramen, 2010 WL 1948560, *1 (E.D. Cal. 2010); Williams v. Adams, 2010 WL 148703, *1 (E.D. Cal. 2010).

Applying these standards to plaintiff's instant request, the court finds that plaintiff has failed to make any showing in support thereof. While plaintiff provides a partial list of his intended witnesses, he does not state whether these are the same individuals on whom he requests service of his subpoenas. Nor does plaintiff identify or describe the documents or information

2

that he seeks.  For these reasons, plaintiff's instant request must be denied.  However, the denial will be without prejudice to plaintiff renewing his request, subject to an initial limit of five (5) intended recipients, specific identification of the requested documents, and a particularized showing how the identified documents are relevant to the issues in this case and in the possession of each intended responding party.

Pursuant to his "Motion," plaintiff seeks an order of this court directing sole defendant J. Luzadas (who is represented by private counsel), and the California Department of Corrections and Rehabilitation, to produce specifically identified documents.  (See ECF No. 31.)

Several problems beset this motion.  First, as applied to defendant Luzadas, the court is not generally involved in the exchange of discovery among parties.  The parties were expressly informed that the "filing of discovery requests or responses, except as required by rule of court, may result in an order of sanctions, including, but not limited to, a recommendation that the action be dismissed or the answer stricken."  (ECF No. 29 at 5 (Discovery and Scheduling Order).)  Because court permission is not required for a party to serve, or respond to, discovery requests, such requests should not be submitted to the court unless so directed, or because a party is dissatisfied with a response and seeks relief pursuant to the Federal Rules of Civil Procedure.

Second, plaintiff has not timely served his discovery request on defendant.  The court's scheduling order required that "[a]ll requests for discovery . . . shall be served not later than sixty days prior to" the discovery deadline which, in the instant case, is September 20, 2013.  (ECF No. 29 at 6.)  Although plaintiff's motion lacks a signature date, the attached documents indicate that plaintiff may have submitted his motion to prison staff, for mailing to the court, on July 22, 2013. (See ECF No. at 7, 9-12.)  The period of time between July 22, 2013, and September 20, 2013, is 60 days which, had plaintiff properly served his discovery request directly upon defendant's counsel, would be timely by application of the mailbox rule.[1]  However, plaintiff did not serve his request on defendant, but submitted it to the court.

---

[1] See Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (holding that "the mailbox rule" established in Houston v. Lack, 487 U.S. 266, 276 (1988), applies to Section 1983 suits filed by pro se prisoners, and thus that the "filing date" of a court document is the date plaintiff delivers the document to prison authorities for the purpose of forwarding it to the court clerk).

Third, the descriptions of the documents and information sought by plaintiff's production request are, in general, overbroad.

Fourth, the motion appears to incorporate a requested subpoena duces tecum directed to the California Department of Corrections and Rehabilitation.  The requested documents appear to be the same as those set forth in the production request directed to defendant Luzadas,

Despite these several problems, in light of plaintiff's status as a pro se prisoner litigant, and because defendant was served with plaintiff's motion (which includes plaintiff's production request), the court will broadly construe plaintiff's motion as set forth below.

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for issuance of thirty subpoenas duces tecum (ECF No. 30), is denied without prejudice.  Plaintiff may, within sixty (60) days after service of this order,[2] renew his request, as follows.  Plaintiff may submit no more than five (5) proposed subpoenas duces tecum; each subpoena shall identify the name and physical address of each intended recipient, and shall precisely identify the documents and information sought.  These proposed subpoenas shall be submitted together with a new request to the court, which demonstrates the relevance of the information sought by each subpoena, and explains why that information is available from the intended recipient.

2. Plaintiff's motion for discovery (ECF No. 31), is granted in part, as follows:

a. Defendant shall, within forty-five (45) days after service of this order, serve plaintiff with a response to his production request (set forth at ECF No. 30 at 1-6), as though the request had been served directly on defendant.

b. Defendant shall liberally construe plaintiff's requests, including those that are overbroad, so as to timely produce all relevant and responsive information, with interposition of narrowly drawn objections; note that boilerplate objections that fail to defer to these considerations will be viewed with disfavor.

---

[2] Although this period of time extends beyond the September 20, 2013 discovery deadline, it is the court's intention that plaintiff carefully evaluate defendant's comprehensive discovery response before identifying the intended recipients of his proposed subpoenas duces tecum.

      c. Defendant's counsel shall obtain from the California Department of Corrections and Rehabilitation and/or the Attorney General's Office all relevant and responsive documents and information that is not otherwise readily available from defendant; this information shall be included in defendant's response to plaintiff's production request.

      3. The Clerk of Court is directed to send plaintiff, together with service of this order, a blank copy of the form entitled, "Subpoena in a Civil Case," used in this district, with the attached page of instructions; plaintiff may make additional copies of the blank form, as needed.

      4. The deadline for filing dispositive motions in this action is hereby extended from November 22, 2013, to December 13, 2013.

      SO ORDERED.

Dated: August 7, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

nunn0874.disc.