UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED OSHUN NUNNERY,<br><br>       Plaintiff,<br><br>   v.<br><br>J. LUZADAS,<br><br>       Defendant. | No. 2:11-cv-0874 KJN P<br><br>ORDER[1] |

Plaintiff is a state prisoner, who proceeds in forma pauperis and without counsel, in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at High Desert State Prison. Pursuant to this action, plaintiff claims that, while he was incarcerated at California State Prison Solano (CSP-SOL), correctional officer J. Luzada, the sole defendant herein, sprayed pepper spray into plaintiff's eyes, while plaintiff was handcuffed and lying on his stomach, which allegedly resulted in medically-supported damage to plaintiff's eyes. (Dkt. No. 11 at 4.)

The undersigned held a settlement conference in this action on April 16, 2013. The court requested the parties' participation in a such conference after a review of the pleadings revealed defendant's concession that he had sprayed pepper spray near the area of plaintiff's face,

---

[1] The parties have consented to the jurisdiction of the magistrate judge for all purposes. 28 U.S.C. § 636(c); Local Rule 305(a). (See ECF Nos. 4, 17.)

1

1  assertedly by accident, after plaintiff was handcuffed,  (Id. at 25).  The case did not settle.  The

2  court thereafter issued a Discovery and Scheduling Order (ECF No. 29), and addressed the

3  parties' discovery disputes (ECF No. 32).  The deadline for filing dispositive motions in this

4  action is December 13, 2013.  (ECF No. 32.)

5        Presently pending is plaintiff's request for issuance of five subpoenas duces tecum (ECF

6  No. 33), and two requests for appointment of counsel (ECF No. 35, 36).

7        The court denied plaintiff's previous request for issuance of 30 subpoenas duces tecum,

8  without prejudice to plaintiff "renewing his request, subject to an initial limit of five (5) intended

9  recipients, specific identification of the requested documents, and a particularized showing how

10  the identified documents are relevant to the issues in this case and in the possession of each

11  intended responding party."  (ECF No. 32 at 3.)

12        Pursuant to the instant request, plaintiff requests the issuance of subpoenas duces tecum

13  on CSP-SOL Correctional Officers M. Hall, Joel Hilton, K. King and T.W. Sutton, and Associate

14  Warden R.W. Cappel.  As the court previously emphasized, third parties are entitled to the court's

15  vigilance in considering whether to authorize the issuance of a subpoena duces tecum by a

16  plaintiff proceeding in forma pauperis.[2]  This vigilance is also required to conserve the resources

17  of the United States Marshal, whose services are required to achieve the required personal service

18  of an authorized subpoena duces tecum.  28 U.S.C. § 1915(d); Fed. R. Civ. P. 45(c); Gillam v. A.

---

[2] The contours of a subpoena duces tecum are limited by the relevance standards set forth in Federal Rule of Civil Procedure 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense"), and the considerations of burden and expense set forth in Federal Rules of Civil Procedure 26(b)(2) and 45(c)(1).  The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum."  Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (requiring indigent plaintiff to demonstrate that he had "made provision for the costs of such discovery"), citing Cantaline v. Raymark Industries, Inc., 103 F.R.D. 447, 450 (S.D. Fla. 1984); see also United States v. Columbia Broadcasting System, Inc., 666 F.2d 364 (9th Cir. 1982) (court may award costs of compliance with subpoena to non-party).  Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors.  Badman, 139 F.R.D. at 605.  In addition, this court generally requires that a motion for issuance of a subpoena duces tecum be supported by:  (1) clear identification of the documents sought and from whom, and (2) a showing that the records are obtainable only through the identified third party.  See e.g. Davis v. Ramen, 2010 WL 1948560, *1 (E.D. Cal. 2010); Williams v. Adams, 2010 WL 148703, *1 (E.D. Cal. 2010).

1   Shyman, Inc., 22 F.R.D. 475 (D. Alaska 1958) (subpoena duces tecum must be personally served
2   or it is null and void).

3       Plaintiff makes the same request in each proposed subpoena, pursuant to which he seeks
4   the following documents: "Any and all documents generated and/or created by you or within
5   your dominion and control that pretain (sic) to Incident Report Log  Number SOL SF2 10-02-
6   0047[;] this includes all notes, reports, memos, and rule/procedure manuals." (ECF No. 33 at 8,
7   10, 12, 14, 16.)  Plaintiff states that each of the intended recipients were "actual witnesses" to the
8   challenged incident; that all are "co-workers of the defendant," and therefore "in a position to
9   offer very relevant character evidence in regards to the defendant, as well as vital evidence in
10  regards to proper policy and procedures with the California Department of Corrections and
11  Rehabilitation which will be important and very relevant during the punitive damages portion of
12  this trial." (Id. at 2.)  Plaintiff further notes that "all individuals listed wrote and filed reports
13  based on the incident . . . and those reports will be used as evidence in this matter." (Id.)

14      Defendant has filed a statement in opposition to plaintiff's request (more precisely, a copy
15  of the October 2, 2013 letter defendant's counsel sent to plaintiff).  Defendant states therein that
16  plaintiff's request is moot in light of defendant's recent production of documents, which
17  "included all relevant incident reports, including those from Correctional Officers M. Hall, Joel
18  Hilton, K. King and T.W. Sutton." (ECF No. 34 at 1.)  In addition, defendant notes that most of
19  the incident-related documents were already in plaintiff's possession, as demonstrated by their
20  attachment to plaintiff's original and amended complaints, and produced by plaintiff in response
21  to defendant's production request. (Id. at 2.)

22      Plaintiff did not file a reply refuting defendant's representations; therefore, the court
23  assumes, for present purposes, that plaintiff is in possession of the incident reports completed by
24  each of the correctional officers.  Assuming that plaintiff already has these incident reports, then
25  the subpoenas further seek "all [related] notes, reports [and] memos."  The court finds this request
26  overbroad; it is reasonable to assume that all relevant information contained in any related notes,
27  reports, or memos prepared by, or within the control of, each correctional officer was
28  incorporated into the substance of their respective incident reports.  Plaintiff's argument that this

3

information may provide character evidence against defendant, or support a punitive damages claim, is unavailing at this stage of the litigation.

Remaining is plaintiff's subpoena directed to Associate Warden Cappel. Defendant does not state that he produced an incident report completed by Cappel. However, absent a compelling showing that Cappel did, in fact, complete an Incident Report that has not yet been produced to plaintiff, the subpoena will not issue.

In addition, the court finds, as to each proposed subpoena, that the general request for "rule/procedure manuals" is misplaced. Plaintiff can obtain these official documents on his own, as set forth in Title 15 of the California Code of Regulations and the Department Operations Manual.

For these several reasons, plaintiff's instant request for issuance of five subpoenas duces tecum is denied as moot. This denial is without prejudice to plaintiff again submitting a request for issuance of a subpoena duces tecum, subject to a particularized showing that the intended recipient has unique possession or control of the identified document, and that the document which is sought is relevant to the claims and defenses in this action.

Next, plaintiff again requests appointment of counsel. The court denied plaintiff's first request on the ground that plaintiff is articulate and appeared well prepared to proceed with discovery.[3] The court previously set forth the legal standards for assessing whether exceptional

---

[3] The court denied, without prejudice, plaintiff's first request for appointment of counsel, for the following reasons (ECF No. 13 at 2-3):

> The court finds that plaintiff has a reasonable likelihood of succeeding on the merits of his claims. Plaintiff has ably articulated his claims, and provided several pertinent exhibits as attachments to the Amended Complaint. While this case may, ultimately, turn on the resolution of directly conflicting testimony, thus perhaps warranting the appointment of counsel at trial, such appointment is not warranted at the present time. Plaintiff appears to be fully capable of obtaining pertinent written discovery, which he may initiate after defendant has been served process and the court sets deadlines for discovery and dispositive motions. For these reasons, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at the present time.

4

circumstances warrant the appointment of counsel in a prisoner civil rights action.[4]  Plaintiff now asserts the following grounds for requesting appointment of counsel:  "A trial in this case is imminent and will likely involve conflicting testimony, and a trained attorney would better enable Plaintiff, A. Nunnery, to present evidence, cross examine witnesses, and negotiate a settlement that is fair to both parties."  (ECF No. 35 at 1; ECF No. 36 at 1.)  For the reasons previously stated (see n.3, supra), the court finds that plaintiff has again failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this stage of the proceedings.  However, should this case proceed to trial, the court would again consider plaintiff's request for appointment of counsel for the limited purpose of trial.

Finally, as noted, plaintiff alludes to what may have been further settlement discussions between the parties, perhaps at plaintiff's deposition.  (See ECF No. 35 at 1; ECF No. 36 at 1 (noting that the action "is in the Settlement Portion of this case.")  The parties are informed that, should they agree that a further settlement conference before the undersigned may be helpful, they may file a joint statement requesting that such conference be convened.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's second request for issuance of subpoenas duces tecum (ECF No. 33), is denied without prejudice.

2.  Plaintiff's motions for the appointment of counsel (ECF Nos. 35 and 36), are denied without prejudice.

////

---

[4] District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

3. Should the parties agree that a further settlement conference could be helpful, they may file a joint statement requesting that such conference be convened before the undersigned.

4. The deadline for filing dispositive motions in this action remains December 13, 2013.

SO ORDERED.

Dated:  November 27, 2013

/ nunn0874.misc.kjn

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE