UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED OSHUN NUNNERY,<br><br>           Plaintiff,<br><br>     v.<br><br>J. LUZADAS,<br><br>           Defendant. | No.  2:11-cv-0874 KJN P<br><br>ORDER[1] |

Plaintiff, a former state prisoner at High Desert State Prison (HDSP), proceeds in forma pauperis and without counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action proceeds on plaintiff's Amended Complaint (ECF No. 11), pursuant to plaintiff's allegations that correctional officer J. Luzadas pepper sprayed plaintiff's eyes while plaintiff was restrained.[2]  (ECF No. 11 at 4.)

Although plaintiff has not filed a notice of change of address, as required by Local Rule 183(b), his name no longer appears in the "Inmate Locator" website maintained by the California Department of Corrections and Rehabilitation.  Moreover, defendant's counsel states that plaintiff

---

[1] The parties consented to the jurisdiction of the magistrate judge for all purposes.  28 U.S.C. § 636(c); Local Rule 305(a).  (See ECF Nos. 4, 17.)

[2] On April 16, 2013, the undersigned held a settlement conference in this matter, without the parties reaching agreement.

1

informed counsel, more than a month ago, of his new lay address and telephone number. (See ECF No. 45-6.)

Meanwhile, on December 13, 2013, plaintiff and defendant filed the following respective matters. Plaintiff filed a "Demand for Trial and Plaintiff Status Notification and Potential Amendment." (ECF No. 43.) Therein, plaintiff requests that trial be set in this action and that, upon setting a trial date, the court appoint counsel. Plaintiff states that he may then request leave to file an amended complaint to increase the amount of his damages request. Finally, plaintiff states that he does not understand the meaning of "dispositive motion," and requests that he not be prejudiced by failing to meet the dispositive motion deadline.

Also on December 13, 2013, defendant Luzadas, the sole defendant in this action, timely filed a motion for summary judgment.[3] (ECF No. 38.) Plaintiff was twice served with defendant's motion for summary judgment, initially at HDSP on December 13, 2013 (see ECF No. 38 at 26), and subsequently at his new lay address on December 17, 2013 (see ECF No. 44). Construing these dates in plaintiff's favor, his opposition to the motion, which was due within 21 days after service (see Local Rule 230(l)), should have been filed and served by January 10, 2014 (allowing an additional 3 days for service of the motion, see Fed. R. Civ. P. 6(d)).

However, plaintiff has filed nothing in opposition to the motion for summary judgment, or otherwise communicated with the court since December 13, 2013.

Plaintiff is directed to promptly file and serve an opposition to the pending motion, if he intends to proceed with this action. Plaintiff is informed of the following rules. Local Rule 230(l) provides that "[f]ailure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion." Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Rule 41(b), Federal Rules of Civil Procedure, provides:

---

[3] Plaintiff was informed, both by the court and by defendant, of the requirements for opposing a motion for summary judgment. (See ECF No. 15 at 4-5; ECF No. 39.) See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).

> Involuntary Dismissal; Effect.  If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Application of these rules, and good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's requests filed December 13, 2013 (ECF No. 43), are denied without prejudice.[4]

2. Plaintiff shall, within twenty-one (21) days after service of this order, file and serve one of the following:

    a. An opposition, if any, to the pending motion for summary judgment; OR

    b. A statement of non-opposition to the pending motion for summary judgment.

3. Plaintiff's failure to file an opposition or statement of non-opposition shall result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b), on the following grounds:  (a) lack of prosecution; and (b) failure to comply with a court order and applicable rules of court.

SO ORDERED.

Dated:  February 25, 2014

/nunn0874.nooppo.etc.

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[4] Plaintiff's request to set a trial date is premature until after the issuance of a substantive decision on defendant's motion for summary judgment; plaintiff's request for appointment of counsel upon the setting of a trial date is also premature (see also ECF No. 37 at 4-5 (setting forth reasons for prior denials of plaintiff's requests for appointment of counsel)); plaintiff's request for leave to file a further amended complaint, upon appointment of counsel, is also premature.